**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4499**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY LEE MOORE, a/k/a Bug,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:05-cr-00031-4)

_____

Submitted: March 22, 2007                Decided: March 27, 2007

_____

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

M. Victoria Jayne, Hickory, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lee Moore pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1); 846 (2000). The district court sentenced Moore to 154 months' imprisonment. We find no error and affirm Moore's conviction and sentence.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing the Government breached the terms of the plea agreement by failing to recommend a two-level reduction under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2005), as well as move for an additional one-level reduction under § 3E1.1(b). Moore, however, "admits" in his pro se supplemental brief that the Government did not breach the plea agreement. Instead, Moore contends that the district court erred in its application of § 3E1.1(a). The Government elected not to file a responsive brief.

Initially, Moore's counsel contends that the Government breached the plea agreement by refusing to recommend and move for a reduction under § 3E1.1. However, because the Government's recommendation and motion were conditioned upon Moore's compliance with the conditions of pre-sentence release, and Moore acknowledges

in his pro se supplemental brief that he did not comply, we conclude that the Government did not breach the plea agreement.

Moore contends that the district court erred in its application of § 3E1.1(a) by considering unrelated, post-indictment misconduct in making its determination as to whether a reduction was warranted.  When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo.  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Because post-indictment misconduct may be considered in determining whether a defendant qualifies for an acceptance of responsibility reduction, see, e.g., United States v. Underwood, 970 F.2d 1336, 1339 (4th Cir. 1992) (per curiam) (determining post-indictment drug use was sufficient to support decision not to reduce offense level under § 3E1.1), we conclude the district court did not err in its application of § 3E1.1(a).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm Moore's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from

- 3 -

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED